UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ORETHA BEH, RUBY CASON, BRIANA
KINCANNON and KIMBERLY BALKUM,
individually and on behalf of all persons
similarly situated,

                            Plaintiffs,

      -versus-                             No. 1:19-CV-01417 LJV

COMMUNITY CARE COMPANIONS INC.,
ALEXANDER J. CARO, MARK GATIEN,
INTERIM HEALTHCARE OF ROCHESTER,
INC., and JAMES WATSON,

                            Defendants.
---------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW FOR
EXPEDITED HEARING AND DETERMINATION OF MOTION
FOR COURT-APPROVED NOTICE TO POTENTIAL "OPT-INS"**

James Reif (*pro hac vice*)
GLADSTEIN, REIF & MEGINNISS, LLP
817 Broadway, 6th Floor
New York, New York 10003
212-228-7727
jreif@grmny.com

Ian Hayes
CREIGHTON, JOHNSEN & GIROUX
1103 Delaware Avenue
Buffalo, New York 14209
716-854-0007
ihayes@cpjglaborlaw.com

Attorneys for Plaintiffs

## TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................................................1

ARGUMENT......................................................................................................................1

    THIS COURT SHOULD EXPEDITE THE HEARING AND
    DETERMINATION OF PLAINTIFFS' MOTION TO NOTIFY POTENTIAL
    "OPT-INS" OF THE FLSA CLAIMS HEREIN AND OF THEIR RIGHT TO
    OPT IN TO MINIMIZE THE LOSS OF FLSA RIGHTS THAT WILL
    OTHERWISE RESULT FROM THE CONTINUING RUNNING OF THE
    STATUTE OF LIMITATIONS................................................................................1

CONCLUSION...................................................................................................................5

# TABLE OF AUTHORITIES

Page

CASES:

*Atkins v. Gen. Motors Corp.*, 701 F.2d 1124 (5th Cir. 1983) ............................................................3

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) ...........................................................3 n.2

*Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249 (S.D.N.Y. 1997) ............................................................4

*Hoffmann-LaRoche v. Sperling*, 493 U.S. 165 (1989) ........................................................... 1-2, 4, 5

*O'Connell v. Champion Intern. Corp.*, 812 F.2d 393 (8th Cir. 1987) ..............................................3

*Soler v. G & U, Inc.*, 86 F.R.D. 524 (S.D.N.Y. 1980) .....................................................................4

STATUTES:

Fair Labor Standards Act, Act of June 25, 1938:

    Section 1, 29 U.S.C. § 201 ....................................................................................................1

    Section 6, 29 U.S.C. § 206 ................................................................................................1 n.1

    Section 7, 29 U.S.C. § 207 ................................................................................................1 n.1

    Section 16(b), 29 U.S.C. § 216(b) ..........................................................................1 and n.1, 2

Portal-to-Portal Act, Act of May 14, 1947:

    Section 6, 29 U.S.C. § 255 ....................................................................................................2

    Section 7, 29 U.S.C. § 256 ....................................................................................................2

RULES:

Federal Rules of Civil Procedure:

    Rule 23 ...................................................................................................................................3

## INTRODUCTION

Plaintiffs have moved for an order authorizing them to distribute a notice to current and former home care workers employed by Community Care Companions, Inc. informing them of the pendency of the claims herein under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and of their right to assert such claims by opting in pursuant to 29 U.S.C. § 216(b). Plaintiffs have also moved for expedited hearing and determination of that motion. This memorandum of law is submitted by Plaintiffs in support of the motion to expedite. The Motion For Leave To Distribute Notice And Related Relief, the supporting declarations, Plaintiffs' Memorandum Of Law In Support Of Motion For Leave To Distribute Notice To Potential "Opt-Ins" And For Related Relief, and a proposed order expediting hearing of said motion are annexed as exhibits to the Second Declaration of James Reif ("Second Reif Decl.") submitted herewith.

## ARGUMENT

**THIS COURT SHOULD EXPEDITE THE HEARING AND DETERMINATION OF PLAINTIFFS' MOTION TO NOTIFY POTENTIAL "OPT-INS" OF THE FLSA CLAIMS HEREIN AND OF THEIR RIGHT TO OPT IN TO MINIMIZE THE LOSS OF FLSA RIGHTS THAT WILL OTHERWISE RESULT FROM THE <u>CONTINUING RUNNING OF THE STATUTE OF LIMITATIONS.</u>**

The FLSA provides for a so-called opt-in collective action on claims to redress violations of the FLSA's overtime compensation and minimum wage guarantees.[1] In *Hoffmann-*

---

[1]  FLSA Section 16(b), 29 U.S.C. 216(b), provides in relevant part that an action to recover monetary relief to redress violations of 29 U.S.C. §§ 206 and/or 207

> may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his

*LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989), the Supreme Court held that district courts may facilitate this opt-in procedure by authorizing plaintiffs to distribute a notice informing potential opt-ins of the pendency of claims governed by the § 216(b) procedure and affording them the opportunity to join in on those claims by signing a consent form and having it filed with the court. Numerous district courts have authorized FLSA plaintiffs to distribute to potential opt-ins a notice of an FLSA claim and a consent form. *See, e.g.*, authorities cited in Plaintiffs' Memorandum Of Law In Support Of Motion For Leave To Distribute Notice To Potential "Opt-Ins" And For Related Relief at 3-6 (Second Reif Decl., Ex. 3).

The statute of limitations governing FLSA claims is three years for a willful violation and two years for a non-willful violation. *See* Section 6 of the Portal-to-Portal Act ("PPA"), Act of May 14, 1947, c. 252, 61 Stat. 87, 29 U.S.C. § 255. PPA Section 7, 29 U.S.C. § 256, provides that "[i]n determining when an action is commenced for the purposes of [29 U.S.C. § 255]," a collective action under the FLSA commenced after May 14, 1947

> shall be considered to be commenced in the case of any individual claimant—
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) *if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.*

(Emphasis added). In short, the running of the statute of limitations applicable to an employee who would join in on an FLSA claim by consenting to become a party plaintiff in an existing case and causing such consent to be filed with the court does not toll with the filing of the action,

---

> consent in writing to become such a party and such consent is filed in the court in which such action is brought.

2

as would be the case were a collective action under the FLSA governed by Fed. R. Civ. P. 23.[2] Rather the period of limitations for each potential FLSA claimant to opt in continues to run unless and until that person signs his/her own consent form and causes it to be filed with the court. *See, e.g., O'Connell v. Champion Intern. Corp.*, 812 F.2d 393, 394 (8th Cir. 1987); *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983).

The problem for employees who may have FLSA claims is that they are often unaware that some other person employed by the same employer has filed an FLSA claim that is similar to their potential claims. This problem is particularly acute in this case, because each home care worker employed by defendant Community Care Companions, Inc. ("CCC") works in one or more isolated residences where (s)he has no contact with other CCC home care workers. *See* Declarations of Ian Hayes, para. 5, Briana Kincannon, para. 7 and Avis Brown, para. 7 (Exhibits ## 4-6 to Second Reif Decl.). Even if potential opt-ins somehow were to learn of another CCC employee's filing of an FLSA claim, they almost certainly would not know they had a legal right to opt in on that claim. For each of these reasons, absent notification of the FLSA claims herein and of their right to opt in, CCC home care workers are effectively disabled from exercising their right to opt in, even while the period of limitations applicable to each of them continues to run, thereby substantially reducing, if not eliminating entirely, day by day, their ability to recover redress for the FLSA violations to which they were subjected.

Although it is the notification of potential opt-ins of the pendency of the FLSA claims herein and of their legal right to opt in on those claims that is the key to a meaningful opportunity to exercise that right, without *prompt* notification, the potential opt-ins will lose all or, at the least, parts of their FLSA claims due to the running of the period of limitations. *See*

---

[2]   *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).

*Hoffmann-LaRoche*, 493 U.S. at 170 (ability to opt in "depend[s]" on "timely notice"); *see also Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 250, 260 (S.D.N.Y. 1997) (Sotomayor, J.) (granting "expedited notice" due to "running of the statute of limitations"); *Soler v. G & U, Inc.*, 86 F. R. D. 524, 529, 531 (S.D.N.Y. 1980) (acknowledging need for prompt decision on motion for distribution of notice of FLSA action and granting expedited production of names and addresses of potential opt-ins "[i]n light of the time pressures generated by the statute of limitations"). The CCC home care workers whose employment ended prior to the early weeks of Spring, 2018 are the CCC workers most at risk of losing all of their FLSA claims.

There is also a pressing need here to counteract as soon as possible the impact of a recent mailing by a Rochester law firm of a solicitation of home care workers to sign up for an as-yet unfiled lawsuit involving claims for overtime compensation and "unpaid wages" under the FLSA. As set forth in the Declaration of James Reif, paras. 4-10 (attached to Second Reif Decl., Ex. 7), approximately 3 ½ weeks after the instant action was filed, that law firm mailed to home care workers in this District, including at least some who are and/or were employed by CCC, a three page solicitation to participate in an unspecified lawsuit against their employer(s) asserting such claims under the FLSA. The solicitation is in the alternative – either to be a named (representative) plaintiff or to be an opt-in plaintiff represented by a named plaintiff. The solicitation, not authorized by any court ("THIS IS NOT A NOTICE FROM A COURT."), invites home care workers to sign and forward to the Rochester firm a "Consent-To-Become-Party-Plaintiff" form. The Rochester firm neither has nor has had any involvement in the instant case.

The Supreme Court has stressed the importance of potential opt-ins being able to make "informed decisions about whether to participate" on a claim governed by the collective

4

action opt-in procedure. *Hoffmann-LaRoche*, 493 U.S. at 170. Expedited hearing and determination of Plaintiffs' motion to distribute their proposed notice, which notice carefully discusses the relationship of the prior solicitation and the current motion for authorization to distribute Plaintiffs' proposed notice, *see* Reif Decl., Ex. B at 2-3, will enable potential participants in this action to become more informed about the choices confronting them and their rights before they make a decision on whether to participate herein.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to expedite the hearing on and the determination of the motion for leave to distribute a notice to potential opt-ins and for related relief should be granted. A proposed form of order is Exhibit #8 to Second Reif Decl.

Dated: December 20, 2019

Respectfully submitted,

James Reif (*pro hac vice*)
GLADSTEIN, REIF & MEGINNISS, LLP
817 Broadway, 6th Floor
New York, New York 10003
212-228-7727
jreif@grmny.com

Ian Hayes
CREIGHTON, JOHNSEN & GIROUX
1103 Delaware Avenue
Buffalo, New York 14209
716-854-0007
ihayes@cpjglaborlaw.com

Attorneys for Plaintiffs

5