**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

ORETHA BEH, RUBY CASON, BRIANA KINCANNON and KIMBERLY BALKUM, *Individually and on behalf of all persons similarly situated*,

         Plaintiffs,

    -against-

COMMUNITY CARE COMPANIONS INC., ALEXANDER J. CARO, MARK GATIEN, INTERIM HEALTHCARE OF ROCHESTER, INC., and JAMES WATSON,

         Defendants.

Civ. No.: 19-cv-01417-LJV

------------------------------------------------------------X

## DEFENDANTS COMMUNITY CARE COMPANIONS, INC., MARK GATIEN, AND ALEXANDER CARO'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Noel P. Tripp
Brian J. Shenker
JACKSON LEWIS P.C.
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404
*Attorneys for Defendants*
*Community Care Companions, Inc.,*
*Mark Gatien, and Alexander Caro*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………………..…… iii – v

PRELIMINARY STATEMENT …………………………………………………………....1

FACTUAL ALLEGATIONS ……………………………………………………………… 2

LEGAL ARGUMENT …………………………………………………………………...… 3

    I.       LEGAL STANDARDS ………………………………………………….. 3

    II.      PLAINTIFFS HAVE FAILED TO PLEAD A VIOLATION OF THE FLSA
           AS A MATTER OF LAW ………………………………………………….. 4

           A. Plaintiffs' Minimum Wage Claims Fail Because Plaintiffs Fail to Plead
              Their Rate of Pay ……………………………………..………………… 4

           B. Plaintiffs' Overtime Claims Are Entirely Conclusory and Must Be
              Dismissed ……………………………………………………………… 6

    III.     PLAINTIFFS' COMLAINT FAILS TO ALLEGE FACTS SUFFICIENT
           TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS
           MR. GATIEN AND MR. CARO …………………………………………… 7

    IV.     SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE
           LAW CLAIMS SHOULD NOT BE EXERCISED, AND THIS
           ACTION SHOULD BE DISMISSED ………………………………………….. 10

    V.      PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS
           SUFFICIENT TO ALLEGE COMMUNITY CARE COMPANIONS
           INC. IS LIABLE UNDER A SUCCESSOR THEORY …………………….. 11

CONCLUSION ……………………………………………………………….………… 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 3

*Battino v. Cornelia Fifth Ave.*,
  861 F. Supp. 2d 392 (S.D.N.Y. 2012) ..................................................................... 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 3

*Birch v. Pioneer Credit Recovery, Inc.*,
  06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8, 2007) ...................... 10

*Bonn-Wittingham v. Project OHR, Inc.*,
  2019 U.S. App. LEXIS 35110 (2d Cir. Nov. 25, 2019) ...................................... passim

*Bravo v. Eastpoint Int'l, Inc.*,
  99 Civ. 9474 (WK), 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) .......................... 10

*Bustillos v. Acad. Bus, LLC*,
  2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) ............................................ 5

*Carter v. Dutchess Cmty. Coll.*,
  735 F.2d 8 (2d Cir. 1984) ......................................................................................... 8

*Dejesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013) .................................................................................. 4, 6

*Gill v. Acacia Network*,
  2015 U.S. Dist. LEXIS 34009 (S.D.N.Y. Mar. 18, 2015) ......................................... 9

*Gisomme v. Healthex Corp.*,
  13-cv-2541, 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014) ..................... 9

*Glewwe v. Eastman Kodak Co.*,
  05 Civ. 6462T, 2006 U.S. Dist. LEXIS 33449 (W.D.N.Y. May 25, 2006) (Telesca, J.) .......... 11

*Hart v. Crab Addison, Inc.*,
  2014 U.S. Dist. LEXIS 85916 (W.D.N.Y. June 24, 2014) ........................................ 5

*Herman v. RSR Sec. Servs.*,
 172 F.3d 132 (2d Cir. 1999) .................................................................................................. 8

*Kamholtz v. Yates Cty.*,
 2008 U.S. Dist. LEXIS 97985 (W.D.N.Y. Dec. 3, 2008) (Telesca, J.) ...................................... 3

*Krumholz v. Vill. of Northport*,
 873 F. Supp. 2d 481 (E.D.N.Y. 2012) .................................................................................. 11

*Lopez v. Acme Am. Envtl. Co.*,
 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012) ......................... 8

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
 711 F.3d 106 (2d Cir. 2013) ........................................................................................... 1, 4, 7

*Magana v. Coleman World Group*,
 2017 U.S. Dist. LEXIS 141710 (W.D. Texas Aug. 31, 2017) .................................................. 4

*Marte v. Westbury Mini Mart, Inc.*,
 16-cv-53 (SJF) (ARL), 2017 U.S. Dist. LEXIS 7721 (E.D.N.Y. Jan. 18, 2017) .................. 7, 12

*McLearn v. Cowen & Co.*,
 660 F.2d 845 (2d Cir. 1981) ................................................................................................ 11

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
 723 F.3d 192 (2d Cir. 2013) ............................................................................................... 4, 6

*Oram v. SoulCycle LLC*,
 979 F. Supp. 2d 498 (S.D.N.Y. Oct. 28, 2013) ...................................................................... 5

*Peng Bai v. Fu Xing Zhuo*,
 2014 U.S. Dist. LEXIS 81173 (E.D.N.Y. June 13, 2014) ........................................................ 9

*Sampson v. MediSys Health Network, Inc.*,
 2012 U.S . Dist. LEXIS 103052 (E.D.N.Y. July 24, 2012) .................................................. 8, 9

*Serrano v. I. Hardware Distribs., Inc.*,
 2015 U.S. Dist. LEXIS 97876 (S.D.N.Y. July 27, 2015) ......................................................... 6

*Severin v. Project OHR, Inc.*,
 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012) ........................................................ 5

*Smith v. Mastercrafi Decorators, Inc.*,
  09 Civ. 579, 2011 U.S. Dist. LEXIS 125342 (W.D.N.Y. Oct. 25, 2011) ................................... 6

*United States v. Klinghoffer Bros Realty Corp.*,
  285 F.2d 487 (2d Cir. 1960) .................................................................................................... 5

*Walker v. Time Life Films, Inc.*,
  784 F.2d 44 (2d Cir. 1986) .................................................................................................... 10

*Wolman v. Catholic Health Sys. of Long Island*,
  2011 U.S. Dist. LEXIS 48223 (E.D.N.Y. May 5, 2011) ............................................................. 9

*Xue Ming Wang v. Abumi Sushi, Inc.*,
  262 F. Supp. 3d 81 (S.D.N.Y. 2017) ...................................................................................... 12

**Statutes**

29 U.S.C. § 203(d) .................................................................................................................... 11

29 U.S.C. § 203(g) .................................................................................................................... 11

29 U.S.C. § 206(a)(1)(C) ............................................................................................................ 9

**Other Authorities**

Fed R. Civ. P. 8(a)(2) .................................................................................................................. 7

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………………...1

Defendants Community Care Companions Inc. ("Community"), Alexander J. Caro, and Mark Gatien (collectively hereinafter "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]

**PRELIMINARY STATEMENT**

Plaintiffs have failed to allege a violation of the Fair Labor Standards Act ("FLSA") for the very simple reasons that they fail to allege their rates of compensation or overtime hours worked. These defects are fatal to their minimum wage and overtime claims. *Bonn-Wittingham v. Project OHR, Inc.*, 2019 U.S. App. LEXIS 35110 (2d Cir. Nov. 25, 2019); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). *Bonn-Wittingham* and *Lundy* are among several instructive Second Circuit decisions which require factual allegations as to rate of pay and weekly hours worked in order to state a cause of action under the FLSA. Without allegations as to both rate of pay and hours worked, neither Defendants nor this Court can adequately assess the plausibility of Plaintiffs' FLSA claims. For this reason and others, Plaintiffs' putative FLSA collective action claims and claims against the individual Defendants Messrs. Caro and Gatien (who are not appropriate parties to this case) also are defective and subject to dismissal. In the absence of a FLSA claim, Plaintiffs' remaining state law claims should be dismissed without prejudice.

Even if Plaintiffs have pled an FLSA claim against Community (which they clearly have not under the Circuit's standard), their Complaint against Community must be dismissed to the extent that Plaintiffs seek to hold Community liable under any law for alleged violations occurring prior to October 2017, when it allegedly began operations, because Plaintiffs cannot set forth a

---

[1] Plaintiffs' Collective and Class Action Complaint is Docket Entry # 1.

1

claim for successor liability (nor do they plead any facts in support of one). Thus, any claims accruing prior to October 2017 should be dismissed as to Community.

## FACTUAL ALLEGATIONS

Plaintiffs are current and former Home Health Aids ("HHAs") and Personal Care Assistants ("PCAs") who were home health care workers in Rochester and Buffalo. Dkt. #1, ¶¶ 1, 11-17. Plaintiffs plead two theories of FLSA liability: a minimum wage violation and an overtime violation. Dkt. #1, ¶¶ 46-52, 57-62. Both theories are based on alleged failures to compensate Plaintiffs for (a) time expended on travel between residences of multiple clients in cases where they worked with more than one client in a day; (b) time expended waiting to begin the provision of services for a second client on days where they worked with more than one client; (c) time allegedly worked after completion of a scheduled shift; (d) time expended on laundering uniforms; and (e) time expended on attendance at mandatory training sessions. Dkt. #1, ¶ 60. Plaintiffs also claim the alleged minimum wage were caused by failures to reimburse them for expenses incurred in (a) travel between clients' residences; (b) laundering their uniforms; and (c) for purchasing their uniforms. Dkt. #1, ¶ 61.

Plaintiffs claim, without explanation, that defendants "failed and/or will fail to compensate Named Plaintiffs and all other PCAs/HHAs for each hour worked at not less than the applicable minimum wage rate(s) established by 206(a)(1). Dkt. #1, ¶ 59. However, Plaintiffs do not allege how much they were compensated in a workweek or their hourly rate. Plaintiffs also allege, without any amplification, that they worked "more than forty (40) hours in a workweek." Dkt. #1, ¶ 47. Plaintiffs make the vague allegation that in weeks in which they "worked or will work more than forty (40) hours" they worked 9.5 hours in excess of 40 (Beh), 4.4 hours in excess of 40 (Kincannon), and 7.7 hours in excess of 40 (Balkum). Dkt. #1, ¶ 48.

2

Plaintiffs purport to bring these FLSA claims on behalf of all HHAs and PCAs employed by Community and Interim Healthcare of Rochester, Inc. in New York State, and to bring their claims against two individuals related to Community, Alexander Caro and Mark Gatien, as well as Interim's sole shareholder James Watson. Dkt. #1, ¶¶ 6-10. 66 individuals have purported to join the four named Plaintiffs in this action. Dkt. #13-91.

## LEGAL ARGUMENT

### I. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 8, a complaint's factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "[A] plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 558 (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. "'Bald assertions and conclusions of law will not suffice' to defeat a motion to dismiss." *Kamholtz v. Yates Cty.*, 2008 U.S. Dist. LEXIS 97985, at *7 (W.D.N.Y. Dec. 3, 2008) (Telesca, J.) (dismissing complaint on Rule 12 motion for failure to satisfy pleading standard) (*quoting Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007)). That a plaintiff might be able, at some point in the future, to allege a set of facts supporting his claim is insufficient. *See Twombly*, 550 U.S. at 562-63. The United States Supreme Court in *Iqbal* reaffirmed the *Twombly* "plausibility" standard and made clear that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (*quoting* Fed R. Civ. P. 8(a)(2)).

3

The Second Circuit has repeatedly applied this doctrine to require factual pleading in FLSA cases. *See Bonn-Wittingham*, 2019 U.S. App. LEXIS 35110, at *6 (dismissing FLSA minimum wage and overtime claims, finding that plaintiff's allegations regarding working more than 40 hours were "merely legal conclusions" and the complaint failed to set forth detail to support inference that effective hourly rate dropped below the minimum wage); *Lundy*, 711 F.3d at 115 (finding that plaintiff's sparse allegations which theoretically could put her over the 40-hour mark in one or another unspecified week(s) were insufficient to support her claims of overtime violations and "suppl[ied] nothing but low-octane fuel for speculation, not the plausible claim that is required."); *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (plaintiff's failure to "provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week" fatal to FLSA pleading); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (finding that a plaintiff cannot state a plausible overtime claim by "alleging overtime in 'some or all workweeks'").

## II. PLAINTIFFS HAVE FAILED TO PLEAD A VIOLATION OF THE FLSA AS A MATTER OF LAW.

### A. Plaintiffs' Minimum Wage Claims Fail Because Plaintiffs Fail to Plead Their Rate of Pay

The FLSA contains no requirement that an employee be paid on an hourly basis, it only requires that the total wages paid to the employee are equal to or greater than the total sum of the applicable minimum wage rate times the number of hour worked by the employee. *Magana v. Coleman World Group*, 2017 U.S. Dist. LEXIS 141710, at *20 (W.D. Texas Aug. 31, 2017) (explaining that the Second Circuit, like the majority of circuits, has adopted a "weekly" wage standard); *citing United States v. Klinghoffer Bros Realty Corp.*, 285 F.2d 487, 490-91 (2d Cir.

1960); *see also Severin v. Project OHR, Inc.*, 2012 U.S. Dist. LEXIS 85705, at *35 (S.D.N.Y. June 20, 2012) (finding that as putative plaintiffs in a class action were paid $136.95 for each shift totaling a potential of 16 compensable hours, putative plaintiffs' rate of compensation was $8.55 per hour which was greater than the applicable minimum wage rate); *Bonn-Wittingham*, 2019 U.S. App. LEXIS 35110, at *6 ("The complaint similarly fails to set forth necessary factual detail to support the inference of the additional working hours necessary for Plaintiffs-Appellants' effective hourly wage to drop below the minimum wage. That deficiency requires dismissal of Plaintiffs'-Appellants' minimum wage claims."). At all times relevant hereto, the FLSA minimum wage has been $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

Conspicuously missing from Plaintiffs' Complaint is any allegation whatsoever concerning their hourly rate of pay. Plaintiffs include no information regarding the amount of wages they received, information that is essential to determining whether their "weekly [pay] divided by hours worked fell under that of the applicable minimum wage for specified workweeks." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 506 (S.D.N.Y. Oct. 28, 2013) (applying FLSA standard to dismiss New York Labor Law ("NYLL") minimum wage claim and citing Lundy). In *Oram*, plaintiff's minimum wage claims were deemed defective because the exercise instructor plaintiff failed to allege his "actual rate of pay (per class or otherwise), or his total number of hours worked per week." *Id*. at 507. Numerous New York courts have required that a FLSA pleading contain facts necessary to this calculation. *Hart v. Crab Addison, Inc.*, 2014 U.S. Dist. LEXIS 85916 (W.D.N.Y. June 24, 2014) (allegation that plaintiff worked a "shift" subject to inappropriate tip credit insufficient to state a claim of violation of the minimum wage on a "workweek" basis); *Bustillos v. Acad. Bus, LLC*, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) (rejecting minimum wage claim because pleading contained "no indication that . . . [plaintiff's] effective

5

hourly wage fell below the minimum wage).² Absent factual allegations that Plaintiffs' effective rate of pay fell below $7.25/hour (which it did not), this claim must be dismissed.

### B. **Plaintiffs' Overtime Claims Are Entirely Conclusory and Must Be Dismissed**

Plaintiffs' overtime pleading fares no better. In contravention of the Second Circuit's repeated directives, Plaintiffs simply allege that they worked overtime for which they were improperly compensated "in a workweek." Dkt. #1, ¶ 48. Simply alleging that Plaintiffs always worked some amount greater than forty hours per week, without identifying any given when they actually worked more than 40 hours, is insufficient to state a plausible overtime claim. *Dejesus,* 726 F.3d at 90 (finding that a plaintiff cannot state a plausible overtime claim by "alleging overtime in 'some or all workweeks'"); *Bonn-Wittingham*, 2019 U.S. App. LEXIS 35110, at *6 (the court "was under no obligation to accept as true [plaintiffs'] statement, amounting to a bare legal conclusion, that they worked in excess of forty hours."); *Smith v. Mastercraft Decorators, Inc.,* 09 Civ. 579, 2011 U.S. Dist. LEXIS 125342, at *6-7 (W.D.N.Y. Oct. 25, 2011) (allegation that plaintiff "routinely" worked over 40 hours insufficient); *Serrano v. I. Hardware Distribs., Inc.,* 2015 U.S. Dist. LEXIS 97876, at *7-8 (S.D.N.Y. July 27, 2015) (allegations that plaintiffs "worked 'an average' of 62 and 60 hours per week" and "'often' worked over ten hours per day" without receiving overtime "over a period of years" failed to state an overtime claim because plaintiffs did "not allege that they worked more than 40 hours in a 'given' work week"). Since Plaintiffs do not "provide sufficient detail about the length and frequency of [their] unpaid work to support a reasonable inference that [they] worked more than forty hours in a given week," their FLSA and NYLL overtime claims must be dismissed. *Nakahata,* 723 F.3d at 201.

---

² *Bojaj v. Moro Food Corp.*, 2014 U.S. Dist. LEXIS 159974, at *3 (S.D.N.Y. 2014) (minimum wage claim dismissed where complaint provided no statement of plaintiffs alleged wages and hours); *Johnson v. Equinox Holdings, Inc.*, 2014 U.S. Dist. LEXIS 3058438, at *4 (S.D.N.Y. 2014) (dismissal where conclusory and unsupported minimum wage allegations were insufficient to raise "more than a mere possibility of a right to relief").

Though Plaintiffs have alleged certain *categories* of allegedly compensable time for which they were not paid, Plaintiffs have provided no factual allegations showing they worked over 40 hours in any workweek relating thereto without proper compensation. Plaintiffs' allegations are the same conclusory statements that the Second Circuit has repeatedly dismissed as being insufficient. *See Bonn-Wittingham*, 2019 U.S. App. LEXIS 35110, at *6 ("the district court was under no obligation to accept as true [plaintiffs'] statement, amounting to a bare legal conclusion, that they worked in excess of forty hours."). In case after case, the Second Circuit has determined that simply alleging that one worked over 40 hours and that there was some uncompensated time is insufficient to plead an FLSA overtime claim. *Id*.; *Lundy*, 711 F.3d at 115; *Marte v. Westbury Mini Mart, Inc*., No. 16-cv-53 (SJF) (ARL), 2017 U.S. Dist. LEXIS 7721, at *7-8 (E.D.N.Y. Jan. 18, 2017) ("Plaintiffs' blanket allegations of working sixty hours over six straight days, with no detail as to the hours, days or weeks worked, are insufficient to state a claim for failure to pay overtime 'in a given workweek.'").

### III. PLAINTIFFS' COMLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS MR. GATIEN AND MR. CARO.[3]

Plaintiffs have not (and cannot) colorably allege facts rendering plausible the bald allegation that Defendants Gatien and Caro were Plaintiffs' "employer." 29 U.S.C. § 203(d). An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). Pursuant to the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic

---

[3] The entirety of this section applies equally to Plaintiffs' claims under the NYLL. *See Xue Lian Lin v. Comprehensive Health Mgmt.*, 08 Civ. 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, at *5-6 (S.D.N.Y. Apr. 8, 2009). Defendants reserve – but need not address here – all other defenses regarding the legal deficiency of claims against Mr. Gatien and Mr. Caro under the NYLL. *See*, *e.g.*, *Stoganovic v. Dinolfo*, 461 N.Y.S.2d 121, 122-23 (4th Dep't 1983) (no direct individual liability under NYLL), *aff'd*, 61 N.Y.2d 812 (1984).

7

reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Lopez v. Acme Am. Envtl. Co.*, 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 at *3 (S.D.N.Y. Dec. 6, 2012). The economic reality test generally considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (*quoting Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (failure to "allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment" required dismissal of FLSA claims against such individual defendants); *Sampson v. MediSys Health Network, Inc.*, 2012 U.S . Dist. LEXIS 103052, at *7-8 (E.D.N.Y. July 24, 2012).[4] These factors help to determine whether an entity or individual exercised formal control over an employee.

Consistent with the economic realities test, Judge Larimer in *Tracy* dismissed FLSA claims against three individual defendants – the Chairman, the CEO and the Vice-President of Human Resources – over plaintiffs' objection that they adequately had alleged that the individual defendants exercised the "requisite control" over employees. The complaint suffered from the same infirmities as the instant Complaint: they are conclusory, ostensibly "factual" allegations regarding theoretical operational control of a business and its different facets based on an executive title, pulled from the legal standard set forth in *Herman* and *Irizarry*, not from any factual information connecting the individual to the workers in question. *See also Sampson*, 2012 U.S. Dist. LEXIS 103052.

---

[4] Mr. Caro and Mr. Gatien do not satisfy any of these elements, and Plaintiffs allege no facts to the contrary, only generalized allegations regarding their executive role within the organization. As discussed below, this is insufficient.

8

The *Sampson* Court observed, addressing the plaintiffs' allegations that the individual defendants were high-ranking officers, that the plaintiffs failed to allege facts demonstrating that these individuals had "operational control" over the employees at the plaintiffs' alleged places of employment. *Id.* at *13-14. Further, the plaintiffs did not allege that the individual defendants "ever had any direct contact with them." *Id.* at *14; *Gill v. Acacia Network*, 2015 U.S. Dist. LEXIS 34009, at *17 (S.D.N.Y. Mar. 18, 2015) (allegations that "executive staff was 'responsible for hiring and firing and in control of all conditions affecting our employment and compensation'" did not contain "factual content" and could not "sustain plaintiffs' FLSA or state labor law claims"). *See also Peng Bai v. Fu Xing Zhuo*, 2014 U.S. Dist. LEXIS 81173, at *10-11 (E.D.N.Y. June 13, 2014) ("allegations that [individual defendant] had the power to hire, fire, set wages, set work conditions, and maintain employment records are conclusory and inadequate to establish that Lin was an employer, as several courts in this circuit have held") *citing Gisomme v. Healthex Corp.*, No. CV 13-2541, 2014 U.S. Dist. LEXIS 67588, at *4 (E.D.N.Y. May 15, 2014) ("[P]laintiffs' conclusory allegations of [individual defendant's] operational involvement and control of [corporate entities] and his alleged general power over various employment decisions are not sufficient to establish Kearney's status as plaintiffs' employer.").

Notably, Plaintiffs do *not* allege that they ever spoke with or had any direct interaction with Mr. Gatien or Mr. Caro or that the individual defendants actually set any of Plaintiffs' terms and conditions of employment. *See Sampson*, 2012 U.S. Dist. LEXIS 103052, at *12-14; *Wolman v. Catholic Health Sys. of Long Island*, 2011 U.S. Dist. LEXIS 48223, at *3 (E.D.N.Y. May 5, 2011). If Mr. Gatien or Mr. Caro hired or fired Plaintiffs, supervised or scheduled Plaintiffs, determined Plaintiffs' rate of pay, or maintained the employment records for Plaintiffs, Plaintiffs should so claim in the Complaint – but they do not. They have simply added high level executives as party

9

defendants, and glossed over the need to assert specific factual allegations by merely regurgitating the applicable legal test. *See*, *e.g.*, *Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (dismissing complaint that "does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment"); *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474 (WK), 2001 U.S. Dist. LEXIS 3647, at *4-5 (S.D.N.Y. Mar. 30, 2001) (dismissing FLSA claim against fashion designer Donna Karan as employer because plaintiffs only alleged her status as the owner and chairperson of employer company and failed to allege any facts establishing her "power to control the plaintiff workers"). This pleading is no substitute for properly pled allegations that Mr. Gatien and Mr. Caro are an "employer" within the meaning of the FLSA – a prerequisite for proceeding against them. *See Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *5. Accordingly, all claims against Mr. Gatien and Mr. Caro should be dismissed.

### IV. SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS SHOULD NOT BE EXERCISED, AND THIS ACTION SHOULD BE DISMISSED.

Because Plaintiffs' FLSA claims are subject to dismissal, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' alleged state law claims. Absent "'exceptional circumstances,' where federal claims are disposed of through Rule 12 or on summary judgment grounds federal courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, 06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834, at *15 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Factors to consider in assessing whether "exceptional circumstances" may warrant the exercise of such jurisdiction include "(1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to

local concern." *Birch*, 2007 U.S. Dist. LEXIS 41834, at *16 (citing *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981)).

Such circumstances are not present here, where the case is in its infancy. Even in FLSA cases proceeding to the summary judgment stage following discovery, New York courts decline to exercise continued jurisdiction where summary judgment disposes of FLSA claims. *See*, *e.g.*, *Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 492 (E.D.N.Y. 2012) ("[T]he Court declines to retain jurisdiction over the remaining state law claims given the absence of any federal claim that survives the summary judgment motion"). Lacking federal question jurisdiction, the Court should dismiss the balance of Plaintiffs' Complaint without prejudice, as it has done in prior cases where FLSA claims have been determined to be wanting. *Ennocenti*, 2012 U.S. Dist. LEXIS 159763 at *8.[5]

### V. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ALLEGE COMMUNITY CARE COMPANIONS INC. IS LIABLE UNDER A SUCCESSOR THEORY

To the extent Plaintiffs attempt to state a claim against Community for the period of time prior to on or about October 13, 2017, they cannot do so, and Plaintiffs have failed to allege facts that would plausibly entitle them to such relief. While "[t]he Second Circuit has not delineated what the proper test for successor liability should be in the FLSA context,"[6] regardless of the

---

[5] Because this case is at its infancy and Plaintiffs' FLSA claims are subject to dismissal, Defendants do not here address other legal deficiencies in Plaintiffs' proposed pendent state law class claims. *See*, *e.g., Glewwe v. Eastman Kodak Co.*, 05 Civ. 6462T, 2006 U.S. Dist. LEXIS 33449 at *11 (W.D.N.Y. May 25, 2006) (Telesca, J.) (finding dismissal of plaintiffs' pendent state law class claims appropriate prior to a motion for class certification because common issues of law or fact do not predominate over the individual issues applicable to purported class members where "employees at issue were employed in several different states at several different locations subject to different terms and conditions, and different state laws[]" and "[d]ifferent remedies are available in each state, and the methods of overtime calculation vary from state to state."). Among other things, members of the proposed putative class and collective action groups (as defined by Plaintiffs) have agreed to arbitrate their wage and hour claims on an individual basis. Defendants reserve the right to raise this issue in the event the Court does not dismiss Plaintiffs' Complaint in its entirety.

[6] *Battino v. Cornelia Fifth Ave.*, 861 F. Supp. 2d 392, 401 (S.D.N.Y. 2012).

11

precise formulation of the test courts require that the purported successor have notice of the claims at issue. *Xue Ming Wang v. Abumi Sushi, Inc.*, 262 F. Supp. 3d 81, 88-90 (S.D.N.Y. 2017). Plaintiffs expressly acknowledge that Community's operations commenced in October 2017 (Compl. ¶¶ 6, 11-12, 16) and they fail to allege, among other deficiencies, that Community had notice of a potential wage and hour claim. *Marte v. Westbury Mini Mart, Inc.*, No. CV 16-53 (SJF) (ARL), 2017 U.S. Dist. LEXIS 7721, at *28 (E.D.N.Y. Jan. 18, 2017) ("Plaintiffs must allege that the successor companies had notice of a potential claim"). As such, there are no facts alleged in the Complaint sufficient to state claim for successor liability under the substantial continuity test.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should dismiss, with prejudice, Plaintiffs' FLSA claims as asserted in their First and Third Causes of Action, and dismiss the balance of Plaintiffs' Complaint without prejudice. In the alternative, the claims against the individual Defendants Mr. Gatien and Mr. Caro should be dismissed, with prejudice, and the claims against Community prior to October 13, 2017 should be dismissed, with prejudice.

Dated: Melville, New York
December 20, 2019

          Respectfully submitted,

          JACKSON LEWIS P.C.
          *ATTORNEYS FOR DEFENDANTS*
          *COMMUNITY CARE COMPANIONS, INC.*
          *MARK GATIEN AND ALEXANDER CARO*
          58 South Service Road, Suite 250
          Melville, New York 11747
          Telephone: (631) 247-0404

By:   */s/ Noel P. Tripp*
      NOEL P. TRIPP, ESQ.
      BRIAN J. SHENKER, ESQ.

# **CERTIFICATE OF SERVICE**

       I hereby certify that on this 20th day of December 2019, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Rules on Electronic Service upon the following parties and participants:

IAN HAYES, ESQ.
*ATTORNEYS FOR PLAINTIFFS*
CREIGHTON, JOHNSEN & GIROUX
1103 Delaware Avenue
Buffalo, New York 14209
(716) 854-0007

JAMES REIF, ESQ.
GLADSTEIN, REIF & MEGINNISS LLP
*ATTORNEYS FOR PLAINTIFFS*
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727

                                                  */s/ Noel P. Tripp*
                                                  NOEL P. TRIPP, ESQ.

4818-5133-3294, v. 4