# GLADSTEIN, REIF & MEGINNISS, LLP
**ATTORNEYS AT LAW**

| | | |
|---|---|---|
| AMY GLADSTEIN | 39 BROADWAY • SUITE 2430 | ELLEN DICHNER |
| JAMES REIF | NEW YORK, NEW YORK 10006 | ROBERT MOLOFSKY ** |
| WALTER M. MEGINNISS, JR. | (212) 228-7727 | YVONNE BROWN |
| KENT Y. HIROZAWA | FAX: (212) 228-7654 | JUDITH I. PADOW |
| BETH M. MARGOLIS | | *Of Counsel* |
| WILLIAM S. MASSEY * | | |
| AMELIA K. TUMINARO | | ** ALSO ADMITTED IN |
| KATHERINE H. HANSEN * | | WASHINGTON, D.C. |
| MICHAEL L. WINSTON | | |
| | | |
| JESSICA E. HARRIS | | |

* ALSO ADMITTED IN NJ

June 2, 2020

**BY ECF**

Hon. Hugh B. Scott
U.S. Magistrate Judge
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:    <u>Oretha Beh, et al. v. Community Care Companions, Inc., et al., No. 1:19-CV-01417 JLS HBS</u>

Dear Magistrate Judge Scott –

      I write as counsel for Plaintiffs in response to CCC Defendants' letter filed earlier today seeking "clarification" or partial reconsideration of this Court's prior orders concerning certain discovery pertaining to class certification.  *See* May 22, 2020 Decision and Order (Doc. 191), May 27, 2020 Text Order (Doc. 196) and May 27, 2020 Amended Decision and Order (Doc. 197).

      To the extent CCC Defendants seek "clarification" of the three prior Orders of this Court, their request should be denied because no serious contention can be made that there was any lack of clarity in those orders as to when selections of persons to be deposed by them should be made.  In Section 1 of the May 22 Decision and Order, after setting forth the four separate steps in the selection process, the Court stated unequivocally: "All selections will be completed on or before 5:00 PM EDT on June 12, 2020."  The Amended Decision and Order merely restated, expressly, the same deadline.

      To the extent CCC Defendants seek reconsideration of the June 12 deadline for selection of any of the individual putative class members to be deposed, their request should likewise be denied.  CCC Defendants have waited eleven (11) days to seek reconsideration of the June 12 deadline established on May 22.  Even now, they have been moved to file their letter today only because of the letter Plaintiffs sent to the ADR Administrator yesterday seeking a telephonic conference to effectuate the selection process called for by this Court's Orders.  *See* June 1, 2020 Letter addressed to ADR Administrator Amanda G. Williams, Esq. annexed hereto.  Further,

CCC Defendants acknowledge that what they characterize as the "prejudice" resulting from the process to which they failed to object for eleven days will fall on Named Plaintiffs as well as on them. *See* first sentence of CCC Defendants' Letter on page 2. They also acknowledge that they *already* possess at least some records pertaining to the same information they would seek through paper discovery. *See* their Letter at footnote 3. In contrast, Named Plaintiffs do not have any records pertaining to putative class members' travel and/or laundry activities to which CCC Defendants refer or even know whether such records exist, a dubious proposition in any event.

CCC Defendants allege in conclusory fashion that their newly-conceived schedule will not result in delay. Such an assertion would appear to be wishful thinking at best. I have been involved in a number of cases involving depositions of large numbers of wage and hour claimants. In my experience, the fixing of deposition dates and times for low wage workers is no easy matter. Such depositions need to be scheduled so that they do not conflict with work assignments that such plaintiffs cannot afford to pass up (or the employer will not allow them to miss). As a result, such depositions often need to be scheduled but then rescheduled, sometimes more than once. The problem is exacerbated where, as here, workers are subject to last minute changes in their schedules, such as when they are assigned to cover for other workers who, at the last minute, have become sick or unavailable for some other reason.

For each of the foregoing reasons, the request for reconsideration of the deadline for selection of persons to be deposed should be denied.

Respectfully submitted,

 /s/  James Reif
James Reif


cc:     Brian Shenker
           (by ECF)