UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ORETHA BEH, RUBY CASON,
BRIANA KINCANNON, and
KIMBERLY BALKUM, individually
and on behalf of all persons similarly
situated,

        Plaintiffs,

v.

COMMUNITY CARE COMPANIONS
INC., ALEXANDER J. CARO, MARK
GATIEN, INTERIM HEALTHCARE
OF ROCHESTER, INC., JAMES
WATSON,

        Defendants.

19-cv-1417 (JLS) (HBS)

---

## DECISION AND ORDER

Plaintiffs Oretha Beh, Ruby Cason, Briana Kincannon, and Kimberly Balkum commenced this putative class and collective action on October 22, 2019, alleging claims for violations of the Fair Labor Standards Act and New York Labor Law against Defendants[1] Community Care Companions Inc., Alexander J. Caro, Mark Gatien, Interim HealthCare of Rochester, Inc., and James Watson. *See* Dkts. 1, 111.[2] Plaintiffs' claims stem from their employment as home-care workers

---

[1] Defendants Interim HealthCare of Rochester, Inc. and James Watson have not appeared in this action. Accordingly, references to "Defendants" in this decision and order are to Defendants Community Care Companions Inc., Alexander J. Caro, and Mark Gatien.

[2] Plaintiffs filed an amended complaint on January 3, 2020. Dkt. 111.

beginning in early 2013 and continuing through the filing of the amended complaint. *See* Dkt. 111 ¶¶ 11-14.

Defendants moved to dismiss the amended complaint for failure to state a claim on January 13, 2020. Dkts. 114, 115. Plaintiffs responded in opposition on February 6, 2020. Dkt. 118. And Defendants replied in further support of their motion on February 20, 2020. Dkt. 125. After Defendants moved to dismiss, the Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 128.

Pursuant to that referral order, Judge Scott issued a Report and Recommendation ("R&R") on April 20, 2020, recommending that this Court deny Defendants' motion in its entirety. Dkt. 139. In particular, Judge Scott recommended:

1. Denying Defendants' motion "with respect to issues of uniform laundering and maintenance" (*id.* at 13);

2. Denying Defendants' motion "with respect to issues of overtime compensation" (*id.* at 17);

3. Denying Defendants' motion "with respect to issues of individual liability under either federal or state law" (*id.* at 22);

4. Denying Defendants' motion with respect to Plaintiffs' state-law claims (*id.*); and

5. Denying as moot Defendants' motion with respect to successor liability, "without prejudice to renew later should [P]laintiffs seek to

2

amend their complaint to include a theory of successor liability" (*id.* at 23).

Defendants objected to the R&R on May 4, 2020. Dkt. 165. Specifically, they object to the third recommendation, above, and argue that the R&R improperly relied on "conclusory, non-factual allegations against [Caro and Gatien,] which are insufficient as a matter of law to plead that they plausibly are 'employers' under the [FLSA]." *Id.* at 2. Defendants did not object to the other four recommendations in the R&R. *See generally id.* Plaintiffs responded in opposition to Defendants' objection on May 18, 2020. Dkt. 185. Defendants replied on May 26, 2020. Dkt. 195.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court carefully reviewed the R&R, the objection, and the relevant record. Based on its *de novo* review of the objection and its review of the remainder of the R&R, the Court accepts and adopts Judge Scott's recommendation to grant Defendants' motion to dismiss. If, after discovery, there is a lack of "evidence showing [Caro and Gatien's] authority over management, supervision, and

3

oversight of [Community Care Companions Inc.'s] affairs in general, . . . as well as evidence under the *Carter*[3] framework or any other factors that reflect [Caro and Gatien]'s exercise of direct control over the plaintiff employees," Defendants can renew their argument for dismissal of Caro and Gatien as defendants in a motion for summary judgment. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013) (internal quotations and citation omitted).

For the reasons stated above and in the R&R, the Court DENIES Defendants' motion to dismiss (Dkt. 105), in its entirety. The Court refers this matter back to Judge Scott, consistent with the referral order at Dkt. 128, for further proceedings. SO ORDERED.

Dated: January 11, 2021
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984).

4