UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

ORETHA BEH, RUBY CASON,
BRIANA KINCANNON, and
KIMBERLY BALKUM, individually
and on behalf of all persons similarly
situated,

     19-cv-1417 (JLS) (MJR)

  Plaintiffs,

v.

COMMUNITY CARE COMPANIONS
INC., ALEXANDER J. CARO, MARK
GATIEN, INTERIM HEALTHCARE
OF ROCHESTER, INC., JAMES
WATSON,

  Defendants.

---

## DECISION AND ORDER

Plaintiffs commenced this putative class and collective action on October 22, 2019, alleging claims for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). See Dkt. 1. Plaintiffs filed an Amended Complaint on January 3, 2020, and a Second Amended Complaint on February 3, 2019. Dkt. 111, 242. Plaintiffs' claims stem from their employment as home-care workers beginning in early 2013 and continuing through the filing of the Second Amended Complaint. See Dkt. 242, ¶¶ 11-14. This Court ultimately referred the case to

United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 249.[1]

On October 20, 2021, Plaintiffs moved for class certification and appointment of class counsel. Dkt. 400. Defendants opposed Plaintiffs' motion, Dkt. 416-419, and Plaintiffs replied. Dkt. 428.[2] On November 5, 2021, the Plaintiffs who accepted offers of judgment, see Dkt. 263-397, 447-463, moved for entry of final judgments in favor of each movant consistent with the individual offers and notices of acceptance. Dkt. 408. Defendants opposed the motion, Dkt. 413, and Plaintiffs replied. Dkt. 414. On March 1, 2022, these same Plaintiffs moved for attorneys' fees. Dkt. 474. Defendants opposed the motion, Dkt. 477-478, and Plaintiffs replied. Dkt. 480-482.

On September 29, 2022, Judge Roemer issued a Report and Recommendation ("R&R") recommending that this Court grant in part and deny in part Plaintiffs' [400] motion for class certification. Dkt. 487, at 1-2. Specifically, he recommended that Plaintiffs' "motion to certify the class and appoint class counsel be granted as to Subclass VI, and denied as to Subclasses I, II, II, IV, and V." *Id.* at 44.[3] Judge Roemer further recommended that this Court deny "without prejudice to renewal"

---

[1] On September 29, September 30, and December 27, 2021, the Clerk of Court issued Interim Judgments in favor of 152 named and opt-in plaintiffs who had accepted offers of judgment by Defendants pursuant to Fed. R. Civ. P. 68. *See* Dkt. 263-397, 447-463.

[2] The parties submitted supplemental briefing after oral argument. *See* Dkt. 468, 470-473, 479, 483, 484.

[3] He also recommended that "the claims for violations of NYLL § 195(1) be dismissed for lack of subject matter jurisdiction." *Id.* at 19.

Plaintiffs' [408] motion for entry of final judgments and [474] motion for attorneys' fees. *Id.* at 1-2.

Defendants Community Care Companions, Inc., Mark Gatien, and Alexander Caro objected to the R&R on October 27, 2022. Dkt. 494. Specifically, they "object to the portion of the Report recommending certification as to Plaintiffs' Subclass VI—the NYLL § 191 untimely paid wages subclass." *Id.* at 5. Plaintiffs responded in opposition to Defendants' objections on December 2, 2022. Dkt. 499. Defendants replied on December 16, 2022. Dkt. 504.

Plaintiffs also objected to the R&R on October 27, 2022. Dkt. 495. Specifically, they object to "each part of the R&R recommending or supporting denial of certification of Subclasses I, II, II, IV and/or V." *Id.* at 8. Defendants responded in opposition to Plaintiffs' objections on December 2, 2022. Dkt. 500. Plaintiffs replied on December 16, 2022. Dkt. 503.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court carefully reviewed the R&R, the objections, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation.

For the reasons stated above and in the R&R, the Court GRANTS in part and DENIES in part Plaintiff's [400] motion for class certification and for appointment of class counsel. Specifically, the court GRANTS Plaintiffs' motion as to Subclass VI, but DENIES the motion as to Subclasses I, II, II, IV, and V. Moreover, Plaintiffs' claims for violations of N.Y. Lab. L. § 195(1) are DISMISSED without leave to amend. *See* Dkt. 487, at 19.

Further, the Court DENIES without prejudice to renewal Plaintiffs' [408] motion for entry of final judgments and [474] motion for attorneys' fees. *Id.*

The Court refers this matter back to Judge Roemer, consistent with the referral order at Dkt. 249, for further proceedings.

SO ORDERED.

Dated:   January 26, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE