

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ORETHA BEH, RUBY CASON, BRIANA KINCANNON, and KIMBERLY BALKUM, individually and on behalf of all persons similarly situated,

        Plaintiffs,

v.

COMMUNITY CARE COMPANIONS INC., ALEXANDER J. CARO, MARK GATIEN, INTERIM HEALTHCARE OF ROCHESTER, INC., and JAMES WATSON,

        Defendants.

1:19-CV-01417- JLS (MJR)

DECISION and ORDER

---

## INTRODUCTION

This case has been referred to the undersigned by the Honorable John L. Sinatra, Jr., pursuant to Section 636(b)(1) of Title 28 of the United States Code, for all pretrial matters and for hearing and reporting on dispositive motions for consideration by the District Court. (Dkt. No. 249). Before the Court is a motion to strike defenses and/or motion for judgment on the pleadings brought by plaintiffs Oretha Beh and Kimberly Balkum pursuant to Fed. R. Civ. P. 12(c), 12(h)(2)(B), and 12(f). (Dkt. No. 524). For the following reasons, plaintiffs' motion is denied.[1]

---

[1] A motion to strike affirmative defenses, if granted, is dispositive. *See New York v. Grand River Enters. Six Nations, Ltd.*, 14-CV-910, 2020 U.S. Dist. LEXIS 44451, *1, n.2 (W.D.N.Y. Mar. 10, 2020) (citing *United States v. Green*, 33 F. Supp. 2d 203, 209 (W.D.N.Y. 1998)); *see also* Fed. R. Civ. P. 72 (defining "nondispositive matters" as those which do not dispose of a party's claim or defense). However, because the Court finds it appropriate to deny this motion to strike, it also concludes that the decision is non-dispositive in nature and within the Court's general pretrial authority pursuant to 28 U.S.C. 636(b)(1)(A).

## **PROCEDURAL BACKGROUND**[2]

On October 22, 2019, plaintiffs Oretha Beh, Ruby Cason, Briana Kincannon, and Kimberly Balkum ("plaintiffs" or "named plaintiffs") commenced this lawsuit against defendants Community Care Companions Inc. ("CCC"), Alexander J. Caro, Mark Gatien, Interim Healthcare of Rochester, Inc., and James Watson (collectively "defendants"). Plaintiffs are home care workers who allege that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), New York Codes, Rules and Regulations, 12 NYCRR § 142-2.2, and New York Labor Law, NYLL §§ 190, *et seq.*, relative to overtime compensation, wage payment, reimbursement of expenses, and employer notice provisions. (Dkt. No. 1). Plaintiffs sought to bring both an FLSA collective action under 29 U.S.C. § 216(b), and a class action under Rule 23 of the Federal Rules of Civil Procedure.[3] (*Id.*). Following the Court's denial of a motion to dismiss (Dkt. No. 235), plaintiffs filed a second amended complaint on February 3, 2019, which is now the operative pleading. (Dkt. No. 242). Defendants answered that complaint, (Dkt. Nos. 245-47), and the parties proceeded with pre-class certification discovery.

On October 20, 2021, plaintiffs filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure based on defendants' alleged violations of NYCRR § 142-2.2 and NYLL §§ 198(3), 193, 195(1) and 191(1)(a). (Dkt. Nos. 400-407).

---

[2] The Court assumes the parties' familiarity with this matter. Therefore, only the procedural history relevant to this motion is discussed herein.

[3] On March 26, 2020, the parties filed a stipulation reflecting their agreement as to the scope, form, and manner of distribution of a notice to be distributed to similarly situated home care workers employed by defendants notifying them of their right to become opt-in plaintiffs in this FLSA collective action. (Dkt. No. 136). The Honorable Hugh B. Scott approved that stipulation by Order dated March 27, 2020. (Dkt. No. 137).

2

Plaintiffs' motion for class certification was granted in part and denied in part by the District Court based upon the Report and Recommendation of this Court. (Dkt. Nos. 487; 505).

Following the class certification decision, this Court entered a Case Management Order setting deadlines for merits-phase discovery on the FLSA and NYLL claims, FLSA collective action certification motions, and dispositive motions. (Dkt. No. 514).

On August 18, 2023, plaintiffs filed the instant motion to dismiss and/or strike defenses asserted against plaintiff's NYLL § 191(1)(a) claims. (Dkt. Nos. 524; 525). Defendants responded in opposition to the motion, (Dkt. Nos. 526; 527), and plaintiffs replied (Dkt. Nos. 528; 529; 530). The Court heard oral argument on October 11, 2023, at which time it considered the motion submitted for decision.

## DISCUSSION

Plaintiffs seek the requested relief under Rules 12(c), 12(f), and 12(h)(2)(B) of Federal Rules of Civil Procedure.

Rule 12(h)(2) of the Federal Rules of Civil Procedure provides that "failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: [...] (B) by a motion under Rule 12(c). Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Courts faced with motions under Rule 12(c) apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017). "To survive a Rule 12(c) motion, [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

3

*Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Until both parties have an opportunity to test their evidence at summary judgment or trial, [courts] must accept the non-movant's pleading as true and decline to weigh competing allegations asserted by the moving party." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).

Although dismissal of legal defenses is expressly allowed under Rule 12(h)(2)(B) by way of a Rule 12(c) motion for judgment on the pleadings, plaintiffs' motion is atypical in its timing and purpose. Several district courts have determined that a plaintiff's motion to dismiss an affirmative defense should be construed as a motion to strike pursuant to Rule 12(f). *See DA v. Republic of the Phil.*, 14-CV-890, 2016 U.S. Dist. LEXIS 193655, *17 n.5 (S.D.N.Y. Jan. 20, 2016) (noting that instead of moving to dismiss defendant's affirmative defenses, plaintiffs should have moved to strike any affirmative defenses under Rule 12(f)); *Mobile Med. Int'l Corp. v. Advanced Mobile Hosp. Sys.*, 07-CV-231, 2015 U.S. Dist. LEXIS 146576, *5 (D. Vt. Oct. 29, 2015) (applying Rule 12(f) to a motion seeking dismissal of an affirmative defense); *Wireless Ink Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 300 n.7 (S.D.N.Y. 2011) ("Rule 12(f) permits a party to challenge the sufficiency of an affirmative defense, while Rule 12(c) permits a party to challenge the sufficiency of a claim or counterclaim."); *Saratoga Harness Racing v. Veneglia*, 94-CV-1400, 1997 U.S. Dist. LEXIS 3566, *7-8 (N.D.N.Y. Mar. 15, 1997) ("despite plaintiff's reliance on Rule 12(c), the Court will treat plaintiff's motion as one to strike defendants' affirmative defenses pursuant to Rule 12(f)"). Accordingly, the Court concludes that Rule 12(f) is the proper standard to apply to here.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may act "(1) on its own; or (2) on motion made by either party before responding to the pleading or, if a response is not allowed, within 21 days after being served with pleading. *Id.* Federal courts have discretion in deciding whether to grant motions to strike. *Capri Sun GmbH v. Am. Bev. Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (citation omitted). However, motions to strike under Rule 12(f) are generally "disfavored and granted only if there is strong reason to do so." *Holland v. Chase Bank United States, N.A.* 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020) (citation omitted).

The Second Circuit recently clarified the standards for deciding a motion to strike an affirmative defense, explaining that an affirmative defense should be stricken if (1) it is not plausibly pled, or (2) it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims. *Kochan v. Kowalski*, 478 F. Supp. 3d 440, 450 (W.D.N.Y. 2020) (citing *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 97-98 (2d Cir. 2019)). "The plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task." *GEOMC*, 918 F.3d at 98 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal*, 556 U.S. at 679). A party must support its defenses with "some factual allegations to make them plausible. *GEOMC*, 918 F.3d at 99. Where there are questions of fact or disputed questions of law, the motion should be denied. *Bd. of*

*Managers of Trump Tower at City Ctr. Condo v. Palazzolo*, 346 F. Supp. 3d 432, 471 (S.D.N.Y. 2018).

If a court finds that a defense is legally and factually insufficient, it must next determine whether the plaintiff would be prejudiced by the inclusion of the defense. *See Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425-26 (S.D.N.Y. 2010). Inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation. *Id.* But, a factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation. *GEOMC*, 918 F.3d at 98.

### *Defenses at Issue*

At issue in this motion are affirmative and other defenses asserted by defendants against plaintiffs' Eleventh Cause of Action, which claims that defendants failed to make timely wage payments to plaintiffs and other members of the certified class of home care workers in violation of NYLL § 191(1)(a). Plaintiffs seek an order dismissing or striking the following affirmative defenses asserted by defendants:[4]

> 1st Defense: "Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons they purport to represent."
>
> 22nd Defense: "Plaintiffs' Second Amended Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded."

---

[4] Plaintiffs also sought to dismiss or strike defendants' 4th and 12th Defenses. However, defendants have clarified that they do not assert either of those defenses with respect to Plaintiff's NYLL § 191(1)(a) claims. Accordingly, plaintiffs have agreed to withdraw that portion of their pending motion. (Dkt. No. 528, pg. 14).

36th / 37th Defenses: "Any delay in the payment of wages was caused [by] Plaintiffs' own conduct. Any late-paid wages were the result of the untimely submission of timesheets by Plaintiffs, and those allegedly similarly situated, to CCC."

6th Defense: "To the extent that any act or omission giving rise to this action was done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the [NYLL], Plaintiffs' claims are barred, in whole or in part, by, *inter alia*, Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260; NYLL § 198."

11th Defense: "Defendants are not subject to liability for any failure to pay certain amounts of compensation alleged to be owed under the FLSA and NYLL, and Plaintiffs' claims are barred in whole or in part by, *inter alia*, the Portal-to-Portal Act, because any such act or omission was made in good faith in conformity with and in reliance on the U.S. Department of Labor and/or New York Department of Labor written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices and procedures or enforcement policies. *See Darr v. Mutual Life Ins. Co.*, 169 F.2d 262 (2d Cir. 1948); 29 U.S.C. § 259."

(Dkt. Nos. 245-47).

## Timeliness of Motion

Defendants first oppose plaintiffs' motion as late and dilatory. They submit that denial of the motion in full, with an award of costs, is appropriate. Defendants argue that these defenses were asserted more than two and half years ago without challenge by

plaintiffs. Defendants further submit that any purported claim of prejudice by plaintiffs is negated by plaintiffs' own delay and the ongoing exchange of discovery between the parties.

Indeed, courts commonly deny motions to strike for untimeliness when they are brought outside the 21-day period between the filing of the answer and filing of the motion, as prescribed by Rule 12(f). *See A.W.S. v. Southampton Union Free Sch. Dist.*, 19-CV-889, 2022 U.S. Dist. LEXIS 35851, *8-9 (E.D.N.Y. Feb. 28, 2022); *Graham v. State Univ. of N.Y. at Albany*, 17-CV-1092, 2020 U.S. Dist. LEXIS 39061, *2-3 (N.D.N.Y. Mar. 6, 2020); *D.W.M. v. St. Mary Sch.*, 18-CV-3099, 2019 U.S. Dist. LEXIS 145583, *11 n.2 (E.D.N.Y. Aug. 27, 2019); *Friedman v. Geico Gen. Ins. Co.*, 14-CV-537, 2017 U.S. Dist. LEXIS 6317, *9 (E.D.N.Y. Jan. 13, 2017).

However, plaintiffs have also moved for dismissal of these defenses under Rule 12(c), which does not contain a strict time limitation. The Federal Rules only require that a motion for judgment on the pleadings be brought after the close of pleadings, "but early enough not to delay trial." *See* Fed. R. Civ. P. 12(c). Additionally, Rule 12(f) provides that a court may order an insufficient defense struck from a pleading at any time on its initiative. Although the Court notes that this motion could be denied as untimely under Rule 12(f) or Rule 12(c), *see Jones v. Nutiva, Inc.*, 16-CV-711, 2016 U.S. Dist. LEXIS 129898, *32 (N.D. Cal. Sept. 22, 2016) (declining to allow plaintiff to "circumvent the Federal Rules of Civil Procedure" by asking the court to construe plaintiff's untimely motion to strike as a motion for judgment on the pleadings), it declines to do so in this instance. Considering the unusual procedural stance of the motion and the Court's own

discretion to consider an untimely motion to strike, the Court finds it appropriate to address the motion on its merits.

<u>Merits Analysis</u>

Plaintiffs argue that defendants' <u>1st Defense</u>, which alleges failure to state a claim upon which relief may be granted, must be stricken because the defense relies on two unsustainable contentions: (1) that the claimed violations of NYLL § 191(1)(a) fail as a matter of law because the New York Legislature did not create a private cause of action to redress such violations; and (2) plaintiffs' second amended complaint does not adequately allege that plaintiffs and the class they represent were manual workers within the meaning of the statute. Plaintiffs assert that these claims are both actionable under NYLL § 191 and § 198, and adequately pled based on the statutory definitions of "underpayment" (as applicable to late wage payments) and "manual worker." Thus, they contend that the prevailing case law, and the law of this case, directs a finding that this defense is legally and factually unsustainable.

Defendants counter that it may be shown that plaintiffs have failed to state a claim upon which relief may be granted. They state that the question of whether an express right of action exists under § 191 is more unsettled than plaintiffs represent. They argue that their legal position is supported by the legislative history of the statute and several recent state and federal lower court decisions, including one from the First Department of the New York State Appellate Division. *See, e.g., Gutierrez v. Bactolac Pharm. Inc.*, 210 A.D.3d 746 (2d Dept. 2022) (stating that NYLL § 191 "pertains to frequency of pay and not unpaid wages").

As a starting point, the Court notes that "boilerplate" affirmative defenses, such as failure to state a cause of action, are rarely so legally insufficient that they should be stricken by a court. See *Kelly v. 21 Grp. Inc.*, 22-CV-226, 2023 U.S. Dist. LEXIS 159389, *19-20 (E.D.N.Y. Sept. 8, 2023); *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015). In general, "a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs." *Kochan,* 478 F. Supp. 3d at 451; see also *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, 12-CV-5105, 2014 U.S. Dist. LEXIS 112437, *10 (S.D.N.Y. Aug. 12, 2014) ("Although the defense is arguably redundant in that it is essentially a general denial, there is no prejudicial harm to plaintiff and the defense need not be stricken.").

Nonetheless, the viability of plaintiffs' NYLL § 191(1)(a) untimely wage payment claims have already been adjudicated and resolved adversely to defendants in this case. A determination that a plaintiff has stated plausible claims for relief, usually following a motion to dismiss, may render an affirmative defense of failure to state a claim without legal basis. See *White v. Fein, Such & Crane, LLP*, 15-CV-438, 2018 U.S. Dist. LEXIS 26962, *3 (W.D.N.Y. Feb. 20, 2018). Here, by Order issued on February 1, 2021, Judge Scott granted plaintiffs' motion to amend their complaint to add a cause of action based on untimely wage payments. (Dkt. No. 241). In doing so, Judge Scott determined that a private right of action for untimely payments exists under New York Labor Law, and that plaintiffs have sufficiently alleged that their work as personal care assistants and home health aides classified them as "manual workers" subject to the frequency of pay

provisions contained in NYLL § 191(1)(a). (*Id.*).[5] Judge Scott based his decision on the well-reasoned holding of the First Department in *Vega v. CM & Associates Construction Management, LLC*, 175 A.D.3d 1144 (1st Dept. 2019), which determined that the private right of action established by NYLL § 198(1-a) extends to violations of NYLL § 191. Although the Court acknowledges that the relevant caselaw is evolving and the outcome of this case could be affected by binding precedent contrary to *Vega's* holding, no review of Judge Scott's prior decision is warranted at this juncture.

However, although this defense has been found legally insufficient, plaintiffs have not established that the defense is factually insufficient, nor that they will be prejudiced by its inclusion. Merits-phase discovery is still ongoing and there is no comprehensive factual record before the Court on these claims. Based on the lack of any showing of prejudice and the undeveloped record, the Court finds no justification to strike this defense.

Plaintiffs next argue that defendants' 22nd Defense, asserting that the complaint fails to state a claim upon which compensatory damages may be awarded, is insufficient. Plaintiffs understand this defense to mean that defendants believe that if all late wages were paid to plaintiffs prior to the commencement of this suit, there is no remaining injury for which plaintiffs would be entitled to compensatory damages. Plaintiffs argue that such a theory is legally incorrect because the injury is found in the temporary deprivation of money, which the statute sought to protect.[6] Indeed, it is the law of this case that a

---

[5] Judge Scott's decision on the motion to amend was affirmed by Judge Sinatra on June 23, 2021. (Dkt. No. 259).

[6] In response, defendants argue that plaintiffs' complaint does not actually seek compensatory damages in connection with their § 191 claim, rather than other claims alleged. However, "Paragraph J" of the "Relief" section of plaintiffs' Second Amended Complaint plainly requests damages for failures to compensate employees on a timely basis. (Dkt. No. 242, pg. 45).

11

cognizable injury exists where wages are not paid timely under the law. (*See* Dkt. No. 478, pgs. 18-19). A determination of compensatory damages, whether it be plaintiffs' entitlement to liquidated damages under § 198(1-a) or any other section of law, is an answer which has not been reached in this case. The resolution of this issue is premature and will be appropriately addressed at summary judgment or at trial. The Court finds no basis to strike this defense.

Plaintiffs next argue that defendants' 36th and 37th Defenses, which assert that any delay in wage payment was caused by plaintiffs' own conduct or late submission of timesheets, is unsustainable. Plaintiffs argue that no Federal or State statute or regulation imposes upon an employee an obligation to submit timesheets within a specified deadline, or to submit them at all. In fact, plaintiffs argue, nothing in NYLL § 191 or § 198 even suggests that a worker's compliance with an employer-imposed deadline is a precondition to application of the statutory deadline for payment of wages. Plaintiffs further cite NYLL § 195, which they believe proscribes this defense by imposing on employers, rather than employees, the duty to make records of all hours that are worked. *See* NYLL § 195(4) ("Every employer shall…establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked (…)"); *see also* NYLL § 661; 12 NYCRR § 142-2.6(a).

Plaintiffs rely on *Salahuddin v. Craver*, in which the Fourth Department held that the defendants claim that "that no liability exists under that provision because they acted in good faith and because it would be fundamentally unfair to hold them liable under these circumstances" was not a cognizable defense under NYLL § 191(3). *See* 163 A.D.3d 1508, 1509 (4th Dept. 2018). Similarly, in *Jule v. Kiamesha Shores Prop. Owners Assn.*

12

*Inc.*, 210 A.D.3d 1330, 1333 (3d Dept. 2022), the Third Department rejected defendants' defense that a plaintiff seeking unpaid overtime wages never submitted a timesheet for more than 40 hours per week. The court explained that "[t]hese averments are insufficient to discharge defendants' burden under the Labor Law, which requires employers to maintain and provide accurate hour and wage rate records for employees." *Id.* Thus, the court found that plaintiff's uncontested evidence of overtime hours routinely worked was enough to allow his claim to survive summary dismissal. *Id.*, at 1333-34.

The Second Circuit Court of Appeals has also held that an employer may not discharge its statutory obligations to pay overtime compensation. *See Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959); *accord Goldberg v. Cockrell*, 303 F.2d 881, 812 n.1 (5th Cir. 1962). More recently, the Second Circuit reiterated the principle that "failure to claim overtime does not discharge the duty to pay if the employer was on notice of this work." *See Perry v. City of New York*, 78 F.4th 502, 514 (2d Cir. 2023). For example, to establish liability under the FLSA on a claim for unpaid overtime, "a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011). Plaintiffs contend that where, as here, an employer knows or has reason to believe an employee is performing off-site services for a given client on a given day, there is no exception to the employer's statutory duty to keep records of hours worked. *See id.*, at 363 ("once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours.").

13

Defendants counter that this precedent does not preclude a defense to untimely wage payments based on late submission of timesheets by employees. They submit that no court has decided what plaintiffs are asking this Court to decide about failure to submit timesheets and resulting delay in wage payment, particularly on such a sparse factual record. Defendants do not argue that the burden of timekeeping rests solely with employees, but they contend that utilizing a reporting system to ascertain the hours worked by employees was reasonable, particularly for employees such as these who worked remotely performing in-home care services. Defendants maintain that they devised timekeeping protocols and payroll policies in good faith compliance with the NYLL and the FLSA. Under those policies, employees were directed to submit timesheets by a specified date and time and were contacted by supervisors if they failed to do so. If a submission deadline was missed, an employee was paid for outstanding time in the next payroll cycle.

At this juncture, the Court agrees with defendants' position. Although this defense may prove meritless, there are outstanding factual and legal questions regarding defendants' timekeeping policies, the submission of employee timesheets, and, importantly, defendants' actual or constructive knowledge of work performed by individual employees. Foreclosing the defense at this stage is unwarranted. *See Kelly, supra*, 2023 U.S. Dist. LEXIS 159389, *29-30 (declining to strike good faith defense to FLSA claim because there were questions of law and fact which might allow the defense to succeed); *Calderon v. Mullarkey Realty, LLC*, 14-CV-2616, 2018 U.S. Dist. LEXIS 97224, *49-50 (E.D.N.Y. June 10, 2018) (refusing to strike defendants' good faith defense to NYLL and

FLSA claims because, even if it was doubtful defendants would be able to make such a showing, "the Court cannot rule out that possibility" at summary judgment stage).[7]

Further, the question of whether defendants acted in good faith in making timely wage payments may be relevant to a later determination of damages. An award of liquidated damages is discretionary where good faith is shown. *See, e.g., Belliard v. Tarnovsky*, 20-CV-1055, 2023 U.S. Dist. LEXIS 38234, *12 (S.D.N.Y. Mar. 6, 2023) ("an employee may obtain liquidated damages unless the employer demonstrates good faith failure to pay proper wages."); *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 303 (S.D.N.Y. 2019) (declining to award liquidated damages under the FLSA or NYLL where evidence offered at trial showed defendants acted in good faith and on objectively reasonable grounds despite failure to pay appropriate wages); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 502 (S.D.N.Y. 2017) (explaining that court have "discretion to deny liquidated damages where [an] employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA [or NYLL]") (quoting *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008)). Thus, there is no basis to strike either of these defenses.

---

[7] The Court acknowledges plaintiffs' argument that a defense of good faith conduct goes only to the question of liability under the FLSA, which expressly provides a complete defense for minimum wage and overtime compensation claims based on proof that the employer's act or omission was "in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States." *See* 29 U.S.C. 259(a). Whereas, no comparable liability defense is found in the New York Labor Law, other than within the provisions of NYLL § 198(1-a) as it pertains to damages. NYLL § 198 allows the assessment of liquidated damages for underpayment of wages unless the employer "proves a good faith basis for believing that its underpayment of wages was in compliance with the law." *See* NYLL 198(1-a). Whether defendants' asserted defenses are viewed as applying to liability or as solely relevant to damages, the Court sees no prejudice stemming from their inclusion and declines to order them stricken.

Plaintiffs also seek dismissal of defendants' 6th defense, which asserts that any act or omission giving rise to this action was done in good faith. As discussed above, and contrary to plaintiffs' contention, a good faith effort by an employer to comply with the law serves as a potential defense against claims for liquidated damages under both the FLSA and NYLL. Thus, this is a viable defense and plaintiffs have not shown good reason for it to be stricken.

Lastly, plaintiffs seek dismissal of defendants' 11th defense, which asserts that defendants are not subject to liability because they acted in good faith and in reliance on U.S. Department of Labor and New York State Department of Labor administrative regulations, orders, rulings, interpretations, practices, and policies. Plaintiffs again argue that this defense invokes Section § 259 of FLSA that is not applicable to a NYLL § 191 claim. As discussed above, good faith effort by an employer to comply with the law serves as a potential defense against claims for liquidated damages under both the FLSA and NYLL. Thus, this is a viable defense and plaintiffs have not shown good reason for it to be stricken.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss and/or strike defenses (Dkt. No. 524) is DENIED in its entirety.

**SO ORDERED.**

DATED:   January 23, 2024
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge