

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ORETHA BEH, RUBY CASON,
BRIANA KINCANNON, and
KIMBERLY BALKUM, individually
and on behalf of all persons similarly
situated,

                19-CV-1417 (JLS) (MJR)

        Plaintiffs,

v.

COMMUNITY CARE COMPANIONS
INC., ALEXANDER J. CARO, MARK
GATIEN, INTERIM HEALTHCARE
OF ROCHESTER, INC., and JAMES
WATSON,

        Defendants.

---

### DECISION AND ORDER

Plaintiffs bring this class and collective action alleging claims for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") arising out of their employment as home-care workers beginning in early 2013. *See* Dkt. 242 ¶¶ 11-14.[1] The case has been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 128; 249. Before the Court are objections to Judge Roemer's Report and Recommendation ("R&R") addressing various motions. Dkt. 681.

---

[1] The Second Amended Complaint, filed on February 3, 2021, is the operative Complaint. *See* Dkt. 242.

In particular, on June 24, 2024, plaintiffs moved for Court approval of a Notice of Class Certification to be distributed to the approved Rule 23 class members. Dkt. 565. Defendants opposed the motion, Dkt. 568, and Plaintiffs replied. Dkt. 569.

Then, on August 7, 2024, Plaintiffs moved for leave to maintain an FLSA collective action. Dkt. 572. On the same date, Defendants filed a counter motion to decertify the conditionally certified FLSA collective action. Dkt. 577. Defendants also opposed Plaintiffs' motion, Dkt. 590, and Plaintiffs opposed Defendants' counter motion. Dkt. 585. Both sides replied. Dkt 626; 673.

In addition, Plaintiffs moved to strike declarations filed by Defendants in support of their motion to decertify the FLSA collective action. Dkt. 587; 620. Defendants opposed the motions to strike, Dkt. 628; 635, and Plaintiffs replied. Dkt. 630; 654. Defendants also moved to strike declarations by Plaintiffs in support of their motion to maintain the FLSA collective action and in opposition to the counter motion to decertify the collective action. Dkt. 591; 639. Plaintiffs opposed the motions to strike, Dkt. 618; 658, and Defendants replied. Dkt. 632.

On October 2, 2024, Defendants moved to decertify the Rule 23 class. Dkt. 601. Plaintiffs opposed the motion. Dkt. 647. Defendants replied. Dkt. 662. Also on October 2, 2024, Defendants moved for summary judgment. Dkt. No. 608. Plaintiffs opposed the motion, Dkt. 641, and Defendants replied. Dkt. 663.

Lastly, Plaintiffs moved to strike declarations filed by Defendants in support of their motion to decertify the Rule 23 class and motion for summary judgment.

Dkt. No. 651. Defendants opposed the motion to strike, Dkt. 659, and Plaintiffs replied. Dkt. 666. The parties also submitted supplemental briefing on their various motions. *See* Dkt. 672; 673; 674; 676-680.

On March 25, 2025, Judge Roemer issued an R&R addressing these motions. Dkt. 681. He recommends that "plaintiffs' motion for approval of notice to class members (Dkt. No. 565) be granted; that plaintiffs' motion for leave to maintain an FLSA collective action (Dkt. No. 572) be granted; that defendants' countermotion to decertify the collective action (Dkt. No. 577) be denied; that defendants' motion to decertify the Rule 23 class action (Dkt. No. 601) be denied; that defendants' motion for summary judgment (Dkt. No. 608) be denied; and that plaintiffs' and defendants' motions to strike (Dkt. Nos. 587; 591; 620; 639; 651) be denied." *Id.* at 2.[2]

On April 22, 2025, Defendants Community Care Companions, Inc., Mark Gatien, and Alexander Caro (collectively, the "CCC Defendants") objected to the R&R. Dkt. 686. They argue that the "aspect of the Magistrate Judge's R&R finding no compelling reason to reexamine class certification of the single certified issue, and denying Defendants' Motion to Decertify the Rule 23 Class, without further analysis is clearly erroneous and contrary to the law, particularly where the [R&R] itself recognizes individual issues not appropriate for continued certification." *Id.* at 5. They further argue that "the Court has an affirmative obligation to ensure the requirements of Rule 23 of the Federal Rules of Civil Procedure are met, regardless

---

[2] Page numbers refer to the CM/ECF generated numbering in the header of each page.

of whether a compelling reason (*i.e.*, a significant intervening event) is shown or not." *Id.*

In addition, the CCC Defendants argue that "notice should not be distributed to any class member without the Court first evaluating whether a class should continue to be certified" and that "Defendants should also be given an opportunity to confer and agree on the contents of any notice, prior to Court approval." *Id.* at 7.

Plaintiffs opposed the objections, Dkt. 687-688, and the CCC Defendants replied. Dkt. 689. Plaintiffs then filed a sur-reply. Dkt. 692-693.

For a dispositive matter, the district court reviews *de novo* the parts of the R&R to which the parties object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For a non-dispositive matter, the district court reviews the R&R for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has reviewed the R&R, the objections, and the relevant record. Based on that review, the Court accepts and adopts Judge Roemer's recommendations.[3]

---

[3] According to Plaintiffs, because "Defendants primarily object to Magistrate Judge Roemer's decision on issues of law," the "objected-to portions of the R&R should be reviewed *de novo* . . . ." Dkt. 687 at 9 n.2 (citing *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2018 WL 4158290, at *9 (E.D.N.Y. Aug. 30, 2018)) It is unclear what standard of review Defendants

4

For the reasons above and in the R&R, Plaintiffs' motion for approval of notice to class members (Dkt. 565) is GRANTED. In addition, Plaintiffs' motion for leave to maintain an FLSA collective action (Dkt. 572) is GRANTED, and Defendants' counter motion to decertify the collective action (Dkt. 577) is DENIED. Further, Defendants' motion to decertify the Rule 23 class action (Dkt. 601),[4] and Defendants' motion for summary judgment (Dkt. 608) are DENIED. Lastly, the parties' various motions to strike (Dkt. 587; 591; 620; 639; 651) are DENIED without prejudice.

The case is referred back to Judge Roemer consistent with the [249] referral order.

SO ORDERED.

Dated:   June 23, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

believe applies to their objections. See Dkt. 686 at 5 ("Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72(a) govern objections to a Magistrate Judge's order. Where objections are made regarding determinations of law, the District Court reviews those determinations de novo"). This Court concludes that, under either standard, Judge Roemer correctly determined the objected-to portions of the R&R.

[4] The Court notes that, even under the CCC Defendants' proposed "affirmative obligation" standard, see Dkt. 686 at 5, decertification of the Rule 23 class is not warranted on this record.